# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| DAWUD AMEEN HUSAIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-cv-1234-SNLJ |
| ROBERT M. HEGGIE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Dawud Ameen Husain for leave to commence this civil action without prepayment of the required filing fee. The Court has determined to grant the motion only to the extent plaintiff seeks leave to commence this action without prepayment of the filing fee. To the extent the motion seeks any other form of relief, it will be denied. In addition, the Court will assess an initial partial filing fee of $17.60, and will dismiss this case, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim upon which relief may be granted and/or because it is frivolous.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account activity statement showing an average deposit of $88.00, and an average balance of $78.00. The Court will therefore assess an initial partial filing fee of $17.60, which is twenty percent of plaintiff's average deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**Plaintiff's Pleading**

Plaintiff is an inmate at the St. Louis County Justice Center,[1] and is a frequent *pro se* and *in forma pauperis* litigator in this Court. He initiated the instant civil action on July 24, 2018 by filing a pleading titled "Writ of Conversion and Fraudulent Conversion" against Robert M.

---

[1] Review of the Missouri state court docketing system on Missouri Case.Net reveals that on May 1, 2018, plaintiff was found guilty by a jury of unlawful possession of a firearm. *See State v. Dawud Ameen Husain*, No. 17SL-CR03102-01 (21st Jud. Cir. 2018). On July 24, 2018, he was sentenced to seven years' imprisonment.

Heggie, Douglas R. Beach, Joseph L. Walsh, Mary E. Ott, Tara Renaud, Robert Smith, Andrew Wrenn, John Slesinger, Julia Childrey, and others to be named.[2]

In his pleading, plaintiff claims that he never waived any of his federally-protected rights, and that he "at no time willfully consented to the use of his name, person, property, life, liberty and effects" to the defendants. (Docket No. 1 at 2). He claims he is "suffering continuously, irreparable harm and injury from the acts and failure to act, by the [defendants]." *Id.* He claims he is "suffering persecution, in prima facie malicious prosecution, in a quasi-judicial jurisdiction under color of law," and that he is a "victim to the acts and failure to act on the part of the [defendants] prays for immediate, fair and just treatment of this writ of conversion and fraudulent conversion." *Id.*

## Discussion

Plaintiff does not identify any of the defendants with any specificity, but it appears that, with the exception of Julia Childrey (who is a member of the St. Louis County Justice Services administration), they are all judges and attorneys in St. Louis County, Missouri, who may have been involved in plaintiff's state court criminal proceedings. Having reviewed and liberally construed plaintiff's pleading, the Court concludes that it simply fails to state any actionable claim, or establish entitlement to any form of relief. Plaintiff alleges no facts describing any particular defendant's conduct. Even *pro se* plaintiffs are required to allege facts in support of their claims, and this Court will not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15.

To the extent plaintiff can be understood to claim that the criminal proceedings against him were wrongful because he did not consent to them, that the St. Louis County Circuit Court

---

[2] In his pleading, plaintiff refers to himself as "Relator," and to the defendants as "Respondents." For purposes of clarity, the Court will use the terms "plaintiff" and "defendant."

lacked jurisdiction over him, or that any defendant committed the tort of conversion by participating in his incarceration or his state court criminal proceedings, such claims are frivolous. Claims of this nature are often asserted by people who claim to be exempt from various laws and from the jurisdiction of the courts, and who seek to avoid the consequences of their criminal convictions. Such claims completely lack merit, and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED** to the extent plaintiff seeks leave to bring this civil action without prepayment of the filing fee, and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $17.60 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), because it fails to state a claim upon which relief may be granted and/or because it is frivolous. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of September, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE